UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
UNITED STATES OF AMERICA.,

                              Plaintiff,                                             <u>REPORT AND
RECOMMENDATION</u>

   -against-

                                                                                  CV 08-3785 (DRH) (ETB)

THEODORE TERRY, JR.,

                              Defendants.
------------------------------------------------------------------------X

TO THE HONORABLE DENIS R. HURLEY, UNITED STATES DISTRICT JUDGE:

      In a complaint filed on September 15, 2008, the Plaintiff, the United States of America ("Plaintiff" or the "Government"), alleges that the Defendant, Theodore Terry, Jr. ("Defendant" or "Terry"), failed to repay a student loan that he borrowed in 1985. (Compl. ¶¶ 3-4 and Ex. A, annexed thereto.) The Government seeks to recover the unpaid balance of the principal amount of the loan - $472.65 - as well as interest and the costs of this action.

      Terry failed to answer or otherwise appear in the within action. On March 3, 2009, the Government moved for a default judgment. The Clerk of the Court certified Terry's default on March 5, 2009 and a default judgment was issued by Judge Hurley on March 25, 2009. The matter was referred to the undersigned for a Report and Recommendation with respect to the amount of damages to be awarded to the Government, including reasonable costs.

<u>FACTS</u>

      An inquest was held before the undersigned on September 1, 2009. The Defendant did not appear. In support of its damages, the Government called Delfin Reyes, a loan analyst with

the United States Department of Education ("Department of Education"), who appeared by telephone.

Mr. Reyes testified that when a student defaults on his repayment obligations, the student's account is assigned to a collection agency. (Tr. 18.) If the collection agency is unsuccessful in collecting the loan from the student, as was the case here, the agency prepares a "litigation package" for review by the Department of Education. (Tr. 18.) With respect to Terry, Mr. Reyes received and reviewed the litigation package, including the promissory note and certificate of indebtedness, and confirmed their accuracy by comparing the information contained therein to that on file at the Department of Education. (Tr. 18-21.) Mr. Reyes signed and approved Terry's litigation package and forwarded it to the United States Department of Justice, who in turn forwarded it to the appropriate United States Attorney's Office - or outside counsel - for enforcement collection. (Tr. 18-19, 22.)

DISCUSSION

I. Default Judgment

When a party fails to appear or defend an action by an adverse party, a default may be entered against the non-appearing party. See Fed. R. Civ. P. 55. "While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992) (citations omitted). Rather, damages must be proven, usually "in an evidentiary proceeding in which the defendant has an opportunity to contest the amount" claimed. Id. Plaintiff is "entitled to all reasonable inferences" from the evidence it offers. Au

Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981).

II.     Calculation of Damages

Pursuant to Title IV-B of the Higher Education Act of 1965, 20 U.S.C. § 1071, et seq., recipients of student loans are obligated to repay the borrowed funds "in installments over a period of not less than 5 years . . . nor more than 10 years beginning 6 months after the month in which the student ceases to carry at an eligible institution at least one-half the normal full-time academic workload as determined by the institution . . . ." 20 U.S.C. § 1077(a)(2)(B).  Where a student loan borrower defaults on his repayment, the Secretary of Education (the "Secretary") is authorized to pay to the lender the amount of the loss sustained on the student loan and is thereafter subrogated to the rights of the lender for purposes of seeking to recover on the defaulted student loan from the borrower.  See 20 U.S.C. § 1080.  The "amount of loss" on any loan equals the "unpaid balance of the principal amount" as well as accrued interest.  Id. § 1080(a).  The Secretary is also authorized to recover its reasonable costs associated with the collection of the defaulted loan.  See id. § 1080(b).

The evidence admitted during the inquest held before the undersigned demonstrates that on or about December 11, 1985, Terry executed a promissory note to secure a student loan in the amount of $2,500.  (Pl. Ex. 1.)  That loan was disbursed to Terry on January 9, 1986 in the full amount borrowed.  (Pl. Ex. 2.)  As demonstrated by the Certificate of Indebtedness prepared by the United States Department of Education with respect to Terry, $472.65 of the principal amount borrowed has not been repaid.  (Pl. Ex. 2.)  Accordingly, the Government is entitled to damages in the principal amount of $472.65.

III. Interest

As stated above, the "amount of loss" on any defaulted student loan includes interest that has been accrued on the principal unpaid balance. Here, the interest rate applicable to Terry's student loan is eight percent (8%) per annum. (Pl. Ex. 2; Compl. ¶ 3.) When calculated on a daily basis, interest is accruing at a rate of approximately $.10 per day. (Tr. 24.) As of the date of the inquest - September 1, 2009 - the interest due and owing amounted to $810.42. (Tr. 26.) Accordingly, the Government should be awarded interest in the amount of $810.42, plus additional interest, to be calculated by the Clerk of the Court, at a rate of $.10 per day through the date of judgment entered in this action.

IV. Post-Judgment Interest

28 U.S.C. § 1961 states that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). "Such interest shall be calculated from the date of entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." Id. This interest is to be "computed daily to the date of payment." Id. § 1961(b).

"Post-judgment interest serves as a means to 'compensate the successful plaintiff for being deprived of compensation for the loss from the time between the ascertainment of the damage and the payment by the defendant.'" Westinghouse Credit Corp. v. D'Urso, 371 F.3d 96, 101 (2d Cir. 2004) (quoting Kaiser Aluminum & Chem. Corp. v. Bonjorno, 494 U.S. 827, 835-36 (1990)). The very language of 28 U.S.C. § 1961 ensures that an award of post-judgment

interest is mandatory in any civil case where money damages are recovered. See 28 U.S.C. § 1961(a) (stating that "[i]nterest *shall* be allowed") (emphasis added); see also Westinghouse, 371 F.3d at 100 (stating that "[t]here is no question but that the post-judgment interest awarded in this case was mandatory under § 1961"); Lewis v. Whelan, 99 F.3d 542, 545 (2d Cir. 1996) ("The award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered."). Accordingly, I recommend that the Government be awarded post-judgment interest on its monetary award, to be calculated pursuant to 28 U.S.C. § 1961.

V.     Costs

As stated supra, the Government is entitled to recover its reasonable costs incurred in bringing the within action. As per the affidavit of Douglas M. Fisher, dated March 4, 2009 and the Complaint, the only cost the Government seeks to recover is the $150 filing fee associated with this action. (Fisher Aff., dated Mar. 4, 2009, ¶ 5; Compl. ¶ 3.) The Government does not seek to be reimbursed for any attorney's fees incurred. (Compl. ¶ 3.) Accordingly, I recommend that the Government be awarded costs in the amount of $150.

RECOMMENDATION

For the foregoing reasons, and based on the evidence submitted, the undersigned recommends that the Government be awarded damages as follows: (1) the unpaid principal balance of the student loan borrowed in the amount of $472.65; (2) interest through September 1, 2009 in the amount of $810.42, as well as additional interest through the date of judgment, to be calculated at a rate of $.10 per day; (3) post-judgment interest, to be calculated pursuant to 28

U.S.C. § 1961; and, (4) costs in the amount of $150.

<u>OBJECTIONS TO THIS REPORT AND RECOMMENDATION</u>

Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a copy to the undersigned within ten (10) days of receipt of this report. Failure to file objections within ten (10) days will preclude further appellate review of the District Court's order. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), and 72(b); <u>IUE AFL-CIO Pension Fund v. Herrmann</u>, 9 F.3d 1049, 1054 (2d Cir. 1993), <u>cert. denied</u>, 506 U.S. 1038 (1992); <u>Small v. Sec'y of Health and Human Servs.</u>, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).

Plaintiff's counsel is directed to serve a copy of this report on all parties upon receipt.

**SO ORDERED:**

Dated: Central Islip, New York
October 21, 2009

/s/ E. Thomas Boyle
HON. E. THOMAS BOYLE
United States Magistrate Judge